**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ZAHID N. QURAISHI<br>UNITED STATES DISTRICT JUDGE | U.S. COURTHOUSE<br>402 EAST STATE STREET, ROOM 7000<br>TRENTON, NJ 08608 |

March 4, 2022

**LETTER OPINION**

**Re:   United States v. Vorking Regalado**
      **Crim. No. 19-574 (ZNQ)**

Dear Counsel:

Before the Court is *pro se* Defendant Vorking Regalado's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 63.) Defendant filed a Brief in Support of the Motion ("Moving Br.," ECF No. 63), and the Government opposed the Motion, ("Opp'n Br.," ECF No. 68). Defendant also submitted supplemental materials for the Court's consideration. (ECF No. 65.) The Court has considered the parties' submissions and decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009). For the reasons discussed below, the Court will deny Defendant's Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On August 20, 2019, Defendant pleaded guilty to a one-count Information, charging that he conspired with others to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 21 U.S.C. § 846. (ECF Nos. 45, 46.) On August 26, 2020, the Court sentenced Defendant to a 70-month term of imprisonment and 5 years of supervised release with special conditions. (ECF No. 55.) Because of the COVID-19 pandemic, the Government consented to three adjournments of Defendant's voluntary surrender to the Bureau of Prisons ("BOP"). (ECF Nos. 56, 58, 60.) Defendant is currently serving his sentence at Fort Dix Federal Correctional Institution ("Fort Dix FCI") in New Jersey. (ECF No. 61.)

Defendant seeks compassionate release because of COVID-19. (*See generally* Moving Br.) Defendant is thirty-four years old and does not claim that a health condition places him at a uniquely high risk of grave illness or death if infected by COVID-19. (*Id.* at 32.) In his supplemental submission to the Court, Defendant's wife also asks the Court to consider their daughter's epilepsy diagnosis and related surgery as a reason to grant Defendant's Motion. (ECF No. 65.) According to the Government, records from the BOP confirm Defendant Regalado is vaccinated against COVID-19 and that he never submitted a request for compassionate release to Fort Dix FIC. (Opp'n Br. 1 n.1.)

## II. DISCUSSION

"Once a term of imprisonment has been imposed, a district court has the authority to modify it only in limited circumstances." *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)). The First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), allows district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in pertinent part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). *See also United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020).

The Sentencing Commission issued a policy statement defining certain circumstances that qualify as extraordinary and compelling. *See* U.S.S.G. § 1B 1.13, Application Note l(A)–(D). Application Note l to Sentencing Guidelines § lBl.13 states:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—

>> (I) suffering from a serious physical or medical condition,
>
>> (II) suffering from a serious functional or cognitive impairment, or
>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . .
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or the registered partner.

U.S.S.G. § lBl.13, cmt. n.l.  This policy statement is not binding for courts considering prisoner-initiated motions.  *United States v. Andrews*, 12 F.4th 255 , 259 (3d Cir. 2021).  However, "it still sheds light" on the meaning of "extraordinary and compelling reasons" and remains a valuable, relevant guide to the district court.  *Andrews*, 12 F.4th at 260; *United States v. Dunich-Kolb*, Crim. No. 14-150, 2022 WL 580919, *3 (D.N.J. Feb. 14, 2022).

Under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release."  *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

Here, Defendant has failed to meet his burden of establishing that he has satisfied the procedural prerequisites for judicial review.  Defendant made no mention of any attempt to exhaust his administrative remedies.  According to the Government, the BOP confirmed that Fort Dix FCI has no record of receiving any request from Defendant.  (Opp'n Br. 3 n.2.)  *See Epstein*, 2020 WL 1808616, at *4 ("the FSA does not provide this Court with the authority to excuse Defendant's failure to exhaust his administrative remedies or to waive the 30-day waiting period"); *United States v. Gross*, No. 15-769, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) ("[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'").

Moreover, Defendant has failed to meet his burden of demonstrating that compelling and extraordinary reasons exist to justify compassionate release in this instance. Defendant provided little, if any, information on which this Court could assess a claim for compassionate release because of COVID-19. Instead, he provided outdated information pertaining to COVID-19 and made generalized grievances. Defendant is a thirty-four-year-old man who is vaccinated against COVID-19 and has failed to identify a single health condition that places him at an enhanced risk of severe illness or death if infected by COVID-19. *See Dunich-Kolb*, 2022 WL 580919, *7 (giving the defendant's "vaccinated status considerable weight in assessing the likelihood that he will suffer a serious infection" and finding that the defendant, a fifty-seven-year-old man, "[wa]s not at any unusual risk of COVID-19 infection, or serious consequences therefrom" given his medical circumstances); *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) ("Now that COVID-19 vaccinations are being administered throughout the [BOP], compassionate release motions [based on COVID-19] generally lack merit."); *United States v. Tartaglione*, Crim. No. 15-491, 2020 WL 3969778, at *5–6 (E.D. Pa. July 14, 2020) ("a prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held" (quoting *United States v. Somerville*, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020)). As for his supplemental submission regarding his daughter's epilepsy diagnosis, Defendant's wife asks the Court to consider their daughter's possible surgery as an extraordinary and compelling reason to grant compassionate release. (ECF No. 65 at 3.) Defendant's wife informed the Court that she "can't imag[ine] . . . being alone" on the day of their daughter's future surgery. This, while unfortunate, does not rise to the level of "extraordinary and compelling reasons" under U.S.S.G. § lBl.13, cmt. n.l(C). Accordingly, this Court finds insufficient basis upon which to grant Defendant compassionate release.

### III.   CONCLUSION

For the reasons stated above, the Court will deny Defendant's Motion for Compassionate Release. An appropriate Order will follow.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
